UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY F. DEBELLIS, also known as
Gianfranco,

                      Plaintiff,

v.

JOANNE MASSING, *et al.*,

                      Defendants.

No. 19-CV-7834 (KMK)

ORDER TO SHOW CAUSE &
ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. For the reasons set forth below, the Court is concerned that Plaintiff's Amended Complaint fails to state a claim against certain Defendants. Accordingly, Plaintiff is ordered to show cause as to why Plaintiff's claims against New York State and Assistant District Attorneys ("ADAs") Patricia Rau ("Rau"), Larry Glasser ("Glasser"), Brianne Smith ("Smith"), and McKenzie Ferguson ("Ferguson") should not be dismissed for failure to state a claim by no later than March 2, 2020. The Court also directs service on the other named Defendants.

## I. Background

On August 2, 2019, Plaintiff filed a Complaint against the following Defendants: Police Officers ("P.O.s") Michael Russo ("Russo"), Michael Nagle ("Nagle"), Daniel Dworkin ("Dworkin"), and Stephen Schmoke ("Schmoke"); ADAs Rau, Glasser, Smith, and Ferguson; and Joanne Massing, who Plaintiff labeled as "civilian." (Compl. (Dkt. No. 1).) By Order dated October 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that

is, in forma pauperis ("IFP"). (Dkt. No. 7.)[1] On October 11, 2019, the Court issued an Order directing Plaintiff to file an Amended Complaint that set forth the personal involvement of each named Defendant and alleged facts supporting Plaintiff's false arrest and malicious prosecution claims. (*See* Order (Dkt. No. 11).) The Court also dismissed Plaintiff's claims against Massing and ADAs Rau, Glasser, Smith, and Ferguson. (*See id.*)

On December 6, 2019, Plaintiff filed an application for pro bono counsel, (Dkt. No. 12), and on December 30, 2019, filed an Amended Complaint, (Am. Compl. (Dkt. No. 13)). Plaintiff's Amended Complaint names as Defendants New York State, Putnam County, Nagle, Russo, Dworkin, Schmoke, Rau, Glasser, Smith, and Ferguson. (*See id.*)

## II. Discussion

### A. Standard of Review

Generally, in cases where IFP status has been granted, "officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). However, the Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal in any of the above circumstances, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quotation marks and citations omitted). But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A complaint states a claim for relief if the claim is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

B. Claims against ADAs

Plaintiff asserts claims against ADAs Smith, Ferguson, Rau, and Glasser. (*See* Am. Compl.) However, prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (citations and quotation marks removed)). In addition, prosecutors are absolutely immune from suit for acts that may be

3

administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Smith, Ferguson, Rau, and Glasser appear to be based on actions within the scope of their official duties and associated with the conduct of a trial. (*See* Compl. 4–5 ("I went to trial when all involved knew[,] including the ADAs],] that we were friends[,] and they pushed my neighbor to lie . . . . The [ADAs] pursued the false charges, . . . [and] [m]y neighbor . . . was [coerced] and [misled] by police and [ADAs].").) Thus, the Court orders Plaintiff to show cause by March 2, 2020 as to why these claims should not be dismissed for failure to state a claim.

### C. Claims against New York State

Plaintiff also brings claims against the State of New York. (Am. Compl.) However, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation and quotation marks removed). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation and quotation marks omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977). Thus, the Court orders Plaintiff to show cause by March 2, 2020 as to why these claims should not be dismissed for failure to state a claim.

### D. Service on Other Defendants

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119,

4

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served his summons and Complaint until the Court reviewed the Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Putnam County, Russo, Nagle, Dworkin, and Schmoke through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III. Conclusion

For the reasons stated above, it is hereby:

ORDERED that Plaintiff shall show cause, by no later than March 2, 2020, as to why his claims against these Defendants should not be dismissed for failure to state a claim.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Putnam County, Michael Russo, Michael Nagle, Daniel Dworkin, and Stephen Schmoke, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: January 29, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. County of Putnam
   48 Gleneida Avenue
   Carmel Hamlet, NY 10512

2. Officer Michael Russo, Shield #101
   Carmel Police Department
   60 McAlpin Avenue
   Mahopec, NY 10541

3. Sergeant Michael Nagle
   Carmel Police Department
   60 McAlpin Avenue
   Mahopec, NY 10541

4. Trooper Daniel Dworkin
   New York State Police – Troop K Headquarters
   2541 US-44
   Salt Point, NY 12578

5. Trooper Stephen Schmoke
   New York State Police – Troop K Headquarters
   2541 US-44
   Salt Point, NY 12578