UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY F. DEBELLIS, also known as
Gianfranco,

                Plaintiff,

           v.

STEPHEN SCHMOKE, *et al.*,

                Defendants.

No. 19-CV-7834 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Anthony F. Debellis ("Plaintiff") brings this pro se Action under 42 U.S.C. § 1983, alleging that on August 30, 2018, he was involved in a car accident while driving his neighbor's car, and Defendants Daniel Dworkin ("Dworkin") and Stephen Schmoke ("Schmoke"), police officers who responded to the scene, illegally recorded Plaintiff on a "secret device" and arrested Plaintiff for possession of stolen property and driving under the influence. (*See* Am. Compl. 5 (Dkt. No. 13).)[1] Plaintiff alleges that Defendants Michael Nagle ("Nagle") and Michael Russo ("Russo"), both police detectives, then "coer[c]ed" his neighbor, who lent Plaintiff the allegedly stolen car, to file charges, and Defendants Patricia Rau ("Rau"), Brianne Smith ("Smith"), McKenzie Ferguson ("Ferguson"), and Larry Glasser ("Glasser"), all Assistant District Attorneys ("ADAs"), pursued the allegedly false charges. (*Id.* at 6.) According to Plaintiff, Dworkin and Schmoke lied under oath at trial. (*Id.* at 5–6.) Plaintiff states that he was eventually acquitted of grand larceny, and the possession charges against him were dropped. (*Id.* at 5.) Plaintiff primarily seeks compensatory relief. (*Id.* at 6.) By Order dated October 9, 2019,

---

[1] Plaintiff's Amended Complaint does not include consistently numbered pages. Thus, the Court refers to the ECF page numbers at the top of the page to avoid confusion.

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (Dkt. No. 9.)

On October 11, 2019, the Court issued an Order directing Plaintiff to file an Amended Complaint that set forth the personal involvement of each named Defendant and that alleged facts supporting Plaintiff's false arrest and malicious prosecution claims. (*See* Oct. 11, 2019 Order (Dkt. No. 11).) The Court also dismissed Plaintiff's claims against Rau, Glasser, Smith, Ferguson, and Joanne Massing, Plaintiff's neighbor. (*See id.*)

On December 6, 2019, Plaintiff filed an application for pro bono counsel (the "Application"). (*See* Pl.'s Application for Appointment of Pro Bono Counsel ("Appl.") (Dkt. No. 12)), and on December 30, 2019, he filed an Amended Complaint pursuant to the Court's October 11, 2019 Order, (Am. Compl.). Plaintiff's Amended Complaint named as Defendants New York State, Putnam County, Nagle, Russo, Dworkin, Schmoke, Rau, Glasser, Smith, and Ferguson. (*See id.*) On January 29, 2020, the Court issued an Order of Service with respect to Putnam County, Russo, Nagle, Dworkin, and Schmoke. (*See* Jan. 29, 2020 Order 4–6 (Dkt. No. 17).) The Court also directed Plaintiff to show cause, by March 2, 2020, as to why his claims against New York State, Smith, Ferguson, Rau, and Glasser should not be dismissed for failure to state a claim. (*See id.* at 3–4.) This Order did not address Plaintiff's request that the Court appoint pro bono counsel on his behalf. For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether

2

appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Regarding the first prong of the two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Amended Complaint liberally and assumes that his Amended Complaint has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (quotation marks omitted). Turning to the second inquiry regarding prudential factors, however, the Court finds that appointment of counsel is not warranted at this time.

Plaintiff states that he is "unable to understand how to explain and put together the violations and the people who violated [him]." (Appl. 1.)[2] However, Plaintiff has thus far demonstrated his ability to compile material facts and convey his claims to the Court, as his "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014); *see also Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting his positions clearly"). For example, Plaintiff timely responded to the Court's Order to Amend, (Dkt. No. 11), and filed an Amended Complaint setting forth more detail on the alleged personal involvement of each Defendant, (*see* Am. Compl.).

---

[2] Plaintiff's Application does not include consistently numbered pages. Thus, the Court refers to the ECF page numbers at the top of the page to avoid confusion.

4

Further, although Plaintiff is litigating his claims against trained lawyers, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-0028, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Plaintiff's claim appears to be largely based on events of which he has first-hand knowledge. *See Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Although Plaintiff's "incarceration obviously presents an obstacle for his prosecution of the case," *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006), "Plaintiff has offered no special reason why appointment of counsel in this case would increase the likelihood of a just determination," *De Luca v. Barreto*, No. 04-CV-8133, 2005 WL 1949516, at *3 (S.D.N.Y. Aug. 12, 2005). Although cross-examination of witnesses might come into play if the case eventually proceeds to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Finally, although the Court acknowledges that Plaintiff has generally described his efforts to obtain counsel, (*see* Appl. 1), this factor alone does not outweigh the additional *Hodge* factors discussed above. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan.

7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one"). Further, although Plaintiff asserts that he has called "multiple attorneys," (Appl. 1), it is unclear how many he has contacted and whether those attorneys have actually declined to represent him. Plaintiff also does not demonstrate that he reached out to "legal clinics or other non-profit organizations," which indicates a potentially insufficient inquiry. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013); *see also Mena*, 2013 WL 1165554, at *1 (finding that the plaintiff's "search was certainly not an exhaustive one.").

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Should circumstances materially change, Plaintiff may renew this request at a later date.

The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 12), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 12, 2020
White Plains, New York

KENNETH M. KARAS
United States District Judge