UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY F. DEBELLIS,

                            Plaintiff,

v.                                                                  ORDER

STEPHEN SCHMOKE, et al.,                      7:19-cv-07834 (PMH)

                            Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On August 2, 2019, Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action and brought claims against twelve Defendants.[1] (*See* Doc. 1). Plaintiff's Complaint included claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution. By Order dated October 30, 2019, Chief Judge Colleen McMahon dismissed Plaintiff's claims against four Putnam County Assistant District Attorneys: Patricia Rav, Larry Glasser, Brianne Smith, and Mackenzie Ferguson (the "ADA Defendants"). (Doc. 11 at 6). The Court found that the Assistant District Attorneys were protected by immunity because "[p]rosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are 'intimately associated with the judicial phase of the criminal process.'" *Id.* at 5 (citing *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013)). Plaintiff was given sixty days to amend his complaint. *Id.* at 6–7.

---

[1] The named Defendants include: Joanne Massing, Michael Russo, Michael Nagle, Carmel Police Department, New York State Police, Daniel Dworkin, Stephen Schmoke, The Putnam County District Attorney's Office, Patricia Rav, Brianne Smith, Mackenzie Ferguson, and Larry Glassner.

1

On December 30, 2019, Plaintiff filed an Amended Complaint. (Doc. 13, "Am. Compl."). In his Amended Complaint, Plaintiff named ten Defendants, including the ADA Defendants.[2] On January 29, 2020, Judge Kenneth M. Karas ordered service of Plaintiff's Amended Complaint on Defendants Putnam County, Michael Russo, Michael Nagle, Daniel Dworkin, and Stephen Schmoke. (Doc. 17). Judge Karas did not order service as to New York State or the ADA Defendants and ordered Plaintiff to show cause as to why claims against these Defendants should not be dismissed for failure to state a claim. *Id.* at 1. By letter dated February 27, 2020 Plaintiff filed a response to Judge Karas's Order. (Doc. 23).

For the reasons set forth below, the Court dismisses Plaintiff's claims against the ADA Defendants and New York State.

**BACKGROUND**

Plaintiff alleges that on August 30, 2018, a neighbor, Joanne Massing ("Massing"), lent him a car and that Plaintiff got into an accident while driving the car lent by Massing. Am. Compl. at 4. After the accident, two New York state troopers, Defendants Schmoke and Dworkin, determined that the car was stolen and are alleged to have "illegally recorded [Plaintiff] on a secret device, [and] arrested [Plaintiff] for possession of stolen property, DUI, etc." *Id.* Plaintiff alleges that on December 14, 2018, two Carmel police officers, Defendants Russo and Nagle, arrested Plaintiff on different charges. Plaintiff states that during his trial the ADAs involved in the prosecution of Plaintiff "pushed [Massing] to lie and say [Plaintiff] stole the car." *Id.* Plaintiff asserts that he was acquitted of all charges. *Id.*

---

[2] The named Defendants include: New York State, Putnam County, Michael Russo, Michael Nagle, Daniel Dworkin, Stephen Schmoke, Patricia Rav, Brianne Smith, Mackenzie Ferguson, and Larry Glassner.

## STANDARD OF REVIEW

"The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Watkins on behalf of Watkins v. Archdiocese of New York*, No. 19-CV-10217, 2019 WL 6312006, at *1 (S.D.N.Y. Nov. 25, 2019) (citing 28 U.S.C. § 1915(e)(2)(B)). Additionally, "[t]he Court must [] dismiss a complaint when the Court lacks subject matter jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

While a *pro se* plaintiff's pleadings must be construed liberally and interpreted to raise the strongest arguments that the complaint suggests, "*pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." *Id.* Under Fed. R. Civ. P. 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must determine, after separating legal conclusions from well-pleaded factual allegations, whether Plaintiff's allegations make it plausible that he is entitled to relief. *Id.* at 678-89.

## ANALYSIS

Regarding the claims against the ADA Defendants, a prosecutor enjoys absolute immunity from liability under § 1983 when a plaintiff's allegations relate to "acts that are 'intimately associated with the judicial phase of the criminal process'" *Warney v. Monroe Cty.*, 587 F.3d 113, 121 (2d Cir. 2009) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976))**.** Stated another way, a prosecutor is absolutely immune for actions taken in his or her role as an

3

advocate for the state in charge of prosecuting an action. *See Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996). A prosecutor is not shielded by absolute immunity for aspects of the prosecutor's duties that are administrative or investigative in nature. *Warney*, 587 F.3d at 121. Acts that are considered to be intimately associated with the judicial phase of the criminal process include "deciding whether to bring charges and presenting a case to a grand jury or a court, [as well as] tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (citing *Imbler*, 424 U.S. at 409). Actions are investigative or administrative when the actions "do not relate to an advocate's preparation for the initiation of a prosecution or [to the] judicial proceedings." *Warney*, 587 F.3d at 121.

The Court finds that Plaintiff's allegations against the ADA Defendants are related to the ADA Defendants' official duties, are intimately tied to the judicial process, and relate to the prosecutors' role as an advocate. The sole allegation against the ADA Defendants in Plaintiff's Amended Complaint is that, "[Plaintiff] went to trial when all involved knew[,] including the ADAs[,] that [Plaintiff and Massing] were friends[,] and [the ADAs] pushed [Massing] to lie . . . The [ADAs] pursued the false charges . . . [and Massing] . . . was [coerced] and [misled] by police and [ADAs]." *See* Am. Compl. 4-5.

Plaintiff's opposition to the Court's Order of January 29, 2020 provides no additional factual allegations related to the ADA Defendants which demonstrate why the ADA Defendants are not immune from liability. The gravamen of Plaintiff's allegations remain that "[the ADA Defendants] conspired to have [Plaintiff] convicted of a frivolous crime." (Doc. 23 at 1). Plaintiff has failed to include allegations in his opposition that establish that the ADA Defendants are not

protected by absolute immunity. The Court, therefore, dismisses the claims against the ADA Defendants.[3]

The Court also dismisses Plaintiff's claim against New York State. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer,* 568 F.3d 355, 366 (2d Cir. 2009) (citation and quotation marks removed). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation and quotation marks omitted). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 39-40 (2d Cir. 1977). That Plaintiff's opposition does not address his claim against New York State or explain how such a claim is not precluded by Eleventh Amendment immunity does not change the legal reality that Plaintiff's claim against New York State must be and is dismissed.

## CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's claims against Defendants Patricia Rav, Larry Glasser, Brianne Smith, Mackenzie Ferguson, and New York State. The Clerk is respectfully instructed to remove these Defendants from the docket.

---

[3] The Court also notes that under § 1983, a plaintiff's complaint must contain specific allegations of "personal involvement of defendants in [the] alleged constitutional deprivations." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)); *see also Santiago v. Meinsen*, 89 F. Supp. 2d 435, 442 (S.D.N.Y. 2000) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. § 1983."). Plaintiff's Complaint refers to ADAs generally, but does not include any specific allegations against any of the individual ADA Defendants.

5

Plaintiff's claims against Defendants Putnam County, Michael Russo, Michael Nagle, Daniel Dworkin, Stephen Schmoke remain pending and shall continue.

**SO ORDERED:**

Dated: New York, New York
July 9, 2020

_____
Philip M. Halpern
United States District Judge