UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY F. DEBELLIS,

                              Plaintiff,

v.                                                          **MEMORANDUM OPINION**
                                                            **AND ORDER**

STEPHEN SCHMOKE, et al.,                                    19-CV-07834 (PMH)

                              Defendants.
--------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On August 2, 2019, Plaintiff Anthony Debellis ("Plaintiff"), who is presently incarcerated at the Mohawk Correctional Center and who is proceeding *pro se* and *in forma pauperis*, initiated this action. (*See* Doc. 1). An Amended Complaint (the "AC") was filed on December 30, 2019. (Doc. 13, "Am. Compl."). While Plaintiff's AC names ten Defendants, by Order dated July 9, 2020, the Court dismissed Plaintiff's claims against five Defendants. (Doc. 61).[1] The remaining Defendants, all of whom move to dismiss Plaintiff's AC pursuant to Federal Rule of Civil Procedure 12(b)(6), include Officer Michael Russo ("Russo"), Sergeant Michael Nagle ("Nagle"), New York State Trooper Steven Schmoke ("Schmoke"), New York State Trooper Daniel Dworkin ("Dworkin" and collectively "Individual Defendants"), and Putnam County (the "County"). Although Plaintiff does not enumerate claims for relief in his AC, construing Plaintiff's AC liberally, as the Court must, Plaintiff asserts claims under 42 U.S.C. § 1983 for

---

[1] The Court found that Plaintiff's claims against Defendants Patricia Rav, Larry Glasser, Brianne Smith, and Mackenzie Ferguson, all current or former Putnam County District Attorneys, related to the Defendants' official duties and thus concluded that these Defendants were shielded by absolute immunity. (Doc. 61 at 3-5). The Court found that Defendant New York State was protected by Eleventh Amendment immunity. (*Id*. at 5).

false arrest, malicious prosecution, illegal recording, perjured trial testimony, and municipal liability.

Presently pending before the Court are three motions to dismiss including: (1) the County's motion (Doc. 41; Doc. 43, "County Br."); (2) Russo and Nagle's motion (Doc. 46; Doc. 47, "Russo Br."); and (3) Schmoke and Dworkin's motion (Doc. 62; Doc. 63, "Dworkin Br."). Plaintiff filed a letter in opposition to Defendants' motion (Doc. 52) as well as a brief in opposition. (Doc. 60). The motions were fully briefed with the filing of Replies. (Docs. 58, 67).[2]

For the reasons set forth below, Defendants' motions to dismiss are GRANTED.

## BACKGROUND

Plaintiff alleges that on August 30, 2018, he got into an accident while driving a car lent to him by his neighbor, Joanne Massing ("Massing"). (Am. Compl. at 4). After the accident, New York State Troopers Schmoke and Dworkin determined that the car was stolen and are alleged to have "illegally recorded [Plaintiff] on a secret device, [and] arrested [Plaintiff] for possession of stolen property, DUI, etc." (*Id.*). On December 7, 2018, an indictment was filed and an arrest warrant was issued (the "Arrest Warrant") charging Plaintiff with one count of Grand Larceny in the third degree in violation of § 155.35(1) of the New York Penal Law. (Doc.

---

[2] The County did not file a Reply brief.

48-1).[3] Plaintiff alleges that on December 14, 2018, two Carmel police officers, Russo and Nagle, arrested Plaintiff and thereafter Plaintiff was tried "when all involved knew including the ADAs that [Plaintiff and Massing] were friends and they pushed [Massing] to lie and say [Plaintiff] stole the car." (Am. Compl. at 4). Massing allegedly "had no intension [sic] of pursuing these fraudulent charges, but she was coersed [sic] and mislead [sic] by police + district attorneys." (*Id.* at 5). Plaintiff asserts that he was acquitted of all charges and that Dworkin and Schmoke perjured themselves during the trial. (*Id.* at 4).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to consider dismissing a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is

---

[3] The Arrest Warrant was attached as an exhibit to the Declaration of Rebecca J. Rosedale, which was filed in support of Nagle and Russo's motion to dismiss. (Doc. 48). On a Rule 12(b)(6) motion to dismiss, in addition to considering a complaint, the Court may also consider "any written instrument attached to [the complaint] as an exhibit[,] any statements or documents incorporated in it by reference[,] . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). The Court may take judicial notice of matters of public record. *Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020). An arrest warrant is a matter of public record. *See, e.g., Johnson v. City of N.Y.*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.2 (S.D.N.Y. May 26, 2017) ("The Court takes judicial notice of the arrest warrant and thus considers the arrest warrant on the present motion."); *Bryant v. Rourke*, No. 15-CV-5564, 2017 WL 1318545, at *3 (E.D.N.Y. Feb. 8, 2017), *adopted by*, 2017 WL 1317009 (E.D.N.Y. Mar. 17, 2017) ("[J]udicial notice may be taken of public records, including . . . arrest warrants."); *Justice v. Kuhnapfel*, No. 13-CV-659, 2014 WL 2434139, at *3 (E.D.N.Y. May 29, 2014) ("The Michigan arrest warrant is a public record which the Court takes judicial notice of." (citing *Awelewa v. New York City,* No. 11-CV-778, 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012))). Accordingly, the Court takes judicial notice of the Arrest Warrant and considers it on this motion.

liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of actions." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)) (internal quotation marks omitted). Because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, courts must apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing the complaint of an individual represented by counsel. *Smith v. U.S. Dept. of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002). While "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester*

*Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations

omitted); *see also Chavis v. Cappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case,

[] 'although a court must accept as true all of the allegations contained in a complaint, that tenet

is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.'" (quoting *Harris*, 572 F.3d at 72)).

Therefore, while the Court is "obligated to draw the most favorable inferences that [a plaintiff's]

complaint supports, [it] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*,

618 F.3d at 170. Furthermore, the Court also has a duty to interpret the pleadings of a *pro se*

plaintiff liberally "to raise the strongest arguments that they suggest." *McPherson v. Coombe*,

174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

The Court construes Plaintiff's AC as raising five claims for relief pursuant to 42 U.S.C.

§ 1983: (1) false arrest, (2) malicious prosecution, (3) illegal recording, (4) perjured trial

testimony, and (5) municipal liability. The Court examines Plaintiff's claims for relief *seriatim*.

### I.   False Arrest Claim

Plaintiff brings a claim for false arrest against Russo and Nagle.[4] (Am. Compl. at 4). A

plaintiff's § 1983 claim for false arrest "is substantially the same as a claim for false arrest under

New York law." *Bonadies v. Town of Amenia*, No. 19-CV-10890, 2020 WL 5209510, at *10

(S.D.N.Y. Aug. 31, 2020) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Under

---

[4] "It is well settled that, in order to establish a defendant's individual liability in a suit brought
under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged
constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, here
and throughout, because Plaintiff does not enumerate claims for relief or indicate against which
Defendants his claims are asserted, the Court construes Plaintiff's AC liberally to assert claims against all
Defendants personally involved in the alleged wrongdoing.

New York law, to "make a claim of false arrest, a plaintiff must show that: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *DeJesus v. City of N.Y.*, 55 F. Supp. 3d 520, 523 (S.D.N.Y. 2014) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant*, 101 F.3d at 852 (quoting *Bernard*, 25 F.3d at 102) (internal citations and quotation marks omitted). Defendants argue that there was probable cause to arrest Plaintiff, and thus Plaintiff's false arrest claim must fail. (Russo Br. at 4-7). The Court agrees.

Probable cause to arrest exists "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (quoting *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)). The existence of an arrest warrant establishes a presumption that the arresting officers had probable cause to effectuate the arrest. *Gleis v. Buehler*, 374 F. App'x 218, 220 (2d Cir. 2010) (citing *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007)); *Galarza v. Monti*, 327 F. Supp. 3d 594, 602 (S.D.N.Y. 2018), *appeal dismissed sub nom. Galarza v. N.Y.C. Police Dep't*, No. 18-2715, 2019 WL 4409695 (2d Cir. July 22, 2019) ("Under New York Law, '[a]n arrest warrant validly issued by a court having jurisdiction precludes an action for false arrest against the municipality and the police officer involved with its execution.'" (quoting *St. John v. Marlborough*, 558 N.Y.S.2d 332, 334 (N.Y. App. Div. 1990))); *Jones v. Trump*, 971 F. Supp. 783, 788 (S.D.N.Y. 1997), *aff'd*, No. 97-CV-9017, 1998 WL 1967891 (2d Cir. Sept. 21, 1998)

("Where an arrest is made pursuant to a warrant, there can be no claim for false arrest" (citing *Singer*, 63 F.3d at 118-119). A plaintiff can rebut this presumption by showing that the arresting officers "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his [probable cause] affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." *Gleis*, 374 F. App'x at 220 (quoting *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993) (internal citations omitted)).

Here, Plaintiff alleges that Russo and Nagle effectuated his arrest on December 14, 2018. (Am. Compl. at 4). The Arrest Warrant was issued on December 7, 2018, a week before the arrest. (Doc. 48-1). Plaintiff's allegation that "all involved" in Plaintiff's arrest "pushed [Massing] to lie and say [Plaintiff] stole the car" (*id.*) is conclusory, and, in any event, does not establish that Russo and Nagle (with the Arrest Warrant in hand) knowingly or intentionally disregarded the truth or made a false statement in obtaining the arrest warrant. Thus, because "[a]n arrest warrant validly issued . . . precludes an action for false arrest against . . . the police officer involved with its execution," *Galarza*, 327 F. Supp. 3d at 602, Plaintiff's false arrest claim against Russo and Nagle is dismissed.

## II.   Malicious Prosecution Claim

Plaintiff brings a claim for malicious prosecution against the Individual Defendants. (Am. Compl. at 4-5). "To prevail on a malicious prosecution claim under Section 1983, a plaintiff must establish the elements of malicious prosecution under New York state law." *Johnson v. City of N.Y.*, No. 18-CV-6256, 2020 WL 2732068, at *5 (S.D.N.Y. May 26, 2020) (citing *Manganiello v. City of N.Y.*, 612 F.3d 149, 160-61 (2d Cir. 2010)). A malicious prosecution claim under New York law, requires a plaintiff to prove: "(1) the initiation or continuation of a

criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id*. (quoting *Manganiello*, 612 F.3d at 161). When pressing a malicious prosecution claim under § 1983, the plaintiff must show also "that there was (5) a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Just as in the false arrest context, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello*, 612 F.3d at 161-62 (quoting *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003)). Furthermore, an "indictment by a grand jury creates a presumption of probable cause." *Id*. at 162 (quoting *Savino*, 331 F.3d 63, 72 (2d Cir. 2003)); *see also Rothstein v. Carriere*, 373 F.3d 275, 282-83 (2d Cir. 2004) ("Once a suspect has been indicted . . . the law holds that the Grand Jury action creates a presumption of probable cause." (quoting *Colon v. City of N.Y.*, 455 N.E.2d 1248, 1250 (N.Y. 1983))). This presumption may be rebutted only if the plaintiff provides "evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Rothstein*, 373 F.3d 283 (quoting *Colon*, 455 N.E.2d at 1250). "Thus, in order for a plaintiff to succeed in a malicious prosecution claim after having been indicted, 'he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id*. (quoting *Colon*, 455 N.E.2d at 1251).

Here, Plaintiff was indicted on December 7, 2018 and an Arrest Warrant issued thereafter. (Doc. 48-1). Thus, there is a presumption of probable cause. While Plaintiff alleges that Dworkin and Schmoke perjured themselves *at trial* (Am. Compl. at 4), he does not allege

that the indictment was produced by fraud, perjury, or suppression of evidence. Accordingly, because there is a presumption of probable cause, and Plaintiff has not presented any facts which rebut that presumption, the Court dismisses Plaintiff's malicious prosecution claim.

### III.    Illegal Recording Claim

Plaintiff alleges that Dworkin and Schmoke violated his Fourth Amendment rights when they "illegally recorded [him] on a secret device" on August 30, 2018. (*Id*.). While Fourth Amendment protections may extend to "non-consensual recordings of conversations," no Fourth Amendment violation exists when the recording encompasses "[w]hat a person knowingly exposes to the public." *Dowd v. City of N.Y.*, No. 11-CV-9333, 2012 WL 5462666, at *2 (S.D.N.Y. Nov. 5, 2012) (citing *United.States v. Davis*, 326 F.3d 361, 365 (2d Cir. 2003)). Thus, a public conversation between an individual and the police is not afforded Fourth Amendment protections. *See id.* Furthermore, no Fourth Amendment violation can lie "where one party consented to the recording." *Id.* at *3 (citing *United States v. White*, 401 U.S. 745, 751-53 (1971)). Thus, assuming, as the Court must at the pleadings stage, that Dworkin and Schmoke recorded Plaintiff without his permission, no Fourth Amendment violation may be asserted because the recording was done by Dworkin and Schmoke (*i.e.* with their consent). Accordingly, Plaintiff's Fourth Amendment illegal recording claim is dismissed.

### IV.    Perjured Trial Testimony Claim

Plaintiff alleges that Dworkin and Schmoke perjured themselves during Plaintiff's trial. (Am. Compl. at 4). Because witnesses, including police officers, are protected by absolute immunity based upon their trial testimony, Plaintiff's claim is dismissed. *See, e.g., Murray v. Guzman*, No. 19-CV-1959, 2019 WL 1745744, at *4 (S.D.N.Y. Apr. 17, 2019) ("Witnesses, including police officers, are absolutely immune from liability based on false testimony at

trial." (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983))); *see also Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." (emphasis in original)).

## V.      Municipal Liability Claim

The County argues that Plaintiff has not stated a municipal liability claim against it because he cannot establish the elements of a *Monell* claim. (County Br. at 3-4). The Court agrees.

"It is well established that a municipality may not be held liable under Section 1983 for alleged unconstitutional actions by its employees below the policy-making level solely upon the basis of respondeat superior." *Ukeje v. N.Y.C. Health & Hosps. Corp.*, 821 F. Supp. 2d 662, 669 (S.D.N.Y. 2011) (citing *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978)). Rather, to prevail on a *Monell* claim against a municipality "the plaintiff must plead and prove that the violation of constitutional rights resulted from a municipal custom or policy." *Id.* at 670 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-83 (1986)). Thus, to assert a *Monell* claim against a municipality a Plaintiff must plausibly allege and ultimately prove three things: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

There are several ways in which a Plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id.*

Here, while Plaintiff alleges that district attorneys employed by the County violated his constitutional rights because they coerced and misled Plaintiff's neighbor into pursuing false charges against Plaintiff (Am. Compl. at 4-5), Plaintiff does not identify a policy or custom of the County pursuant to which the district attorneys acted. Additionally, Plaintiff has not established that his constitutional rights were violated. Accordingly, the Court finds that Plaintiff's allegations are insufficient to state a claim for relief against the County and dismisses Plaintiff's municipal liability claim.

## **CONCLUSION**

For the reasons stated above, the Court dismisses Plaintiff's AC in its entirety. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, Plaintiff has already had one opportunity to amend his Complaint and has not sought leave to file a Second Amended Complaint. Furthermore, any amendment would be futile as Plaintiff

cannot establish lack of probable cause and Plaintiff's remaining claims for relief are flawed as a matter of law.

Accordingly, the Court respectfully directs the Clerk to terminate the pending motions (Docs. 41, 46, 62) and terminate this action. Additionally, the Court directs the Clerk to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket.

**SO ORDERED:**

Dated:  New York, New York
        January 5, 2021

_____
Philip M. Halpern
United States District Judge